Filed 2/27/23  P. v. Davis CA2/1
Opinion following transfer from Supreme Court

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

|  |  |
|---|---|
| THE PEOPLE, | B306417 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. YA026317) |
| v. | |
| STEPHEN EDMOND DAVIS, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Hector M. Guzman, Judge.  Reversed and remanded with directions.

Patricia J. Ulibarri, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Steven D. Matthews and Rama R. Maline, Deputy Attorneys General, for Plaintiff and Respondent.

_____

In April 2020, the trial court summarily denied, under Penal Code[1] former section 1170.95, Stephen Edmond Davis's petition for resentencing on his first degree murder conviction.[2] In an opinion in a prior appeal, we affirmed the order, concluding the jury's true finding on a felony-murder special circumstance (§ 190.2, subd. (a)(17)) rendered Davis ineligible for resentencing as a matter of law and, therefore, the trial court's error in prematurely denying his petition without appointing counsel was harmless.

The Supreme Court granted Davis's petition for review and transferred the matter back to this court with directions to vacate our opinion and reconsider the matter in light of *People v. Strong* (2022) 13 Cal.5th 698 (*Strong*). Having done so, we agree with Davis and the Attorney General that we must reverse the order denying Davis's petition and remand the matter for further proceedings under section 1172.6, based on the rationale in *Strong*.

## BACKGROUND

### I. The Offense and the Trial

An April 9, 1996 information charged Davis and codefendant John Patrick Winkleman with the murder (§ 187, subd. (a)) and second degree robbery (§ 211) of Willie Yen. The information also alleged the special circumstance that Davis and Winkleman committed the murder while they were accomplices

---

[1] Undesignated statutory references are to the Penal Code.

[2] Davis filed his petition under the original version of former section 1170.95, effective January 1, 2019. (Stats. 2018, ch. 1015, § 4.) Since that time, the Legislature amended the statute (Stats. 2021, ch. 551, § 2) and then renumbered it as section 1172.6, with no change in text (Stats. 2022, ch. 58, § 10).

in the commission of a robbery (§ 190.2, subd. (a)(17)), and that they each personally used a firearm in the commission of the murder and robbery. (§ 12202.5, subd. (a).)

In an unpublished opinion in Davis's direct appeal of his convictions (*People v. Davis* (Sept. 24, 1998, B113832 [nonpub. opn.] (*Davis*)),[3] this court described the facts of the case as follows:

"Davis and Winkleman (who lived together) planned to rob Willie Yen, a crystal methamphetamine dealer. Davis and Winkleman arranged to meet Yen at a park, then armed themselves and went to the park. Davis and Winkleman both shot at Yen, who died from one gunshot wound that pierced his aorta. Davis and Winkleman were arrested the next day.

"Davis confessed. He told the police he and Winkleman were both involved in the incident, and said that he shot at the back of Yen's car as Yen was fighting with Winkleman and trying to drive off with Winkleman in the car. Davis placed most of the blame on Winkleman. After he confessed, Davis called his girlfriend from the police station (the call was recorded). He told her where to find the two guns that he and Winkleman had discarded and asked her to get his friend, Christian Budnic, to

---

[3] In his petition for resentencing, Davis stated, "he agrees that the Court of Appeal's statement of the evidence [in the opinion in his direct appeal] is generally accurate," although he noted "it was composed without the benefit of the California Supreme Court's opinions in [*People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*)]." *Banks* clarified the meaning of the major participant element of the felony-murder special circumstance; and *Clark* clarified the meaning of the reckless indifference to human life element of the felony-murder circumstance.

'get rid of whatever he finds.' The two guns were recovered by the police but the ballistics experts could not determine which one had fired the fatal shot. Yen's pager was found in the room shared by Davis and Winkleman.

"At trial, an eyewitness (Adam Asbury) identified Winkleman as one of the shooters and testified to Winkleman's jury that Winkleman (not Davis) had walked up to Yen's car and fired into the driver's side at Yen. The tape of Davis's confession was played to his jury but not to Winkleman's jury. In defense, Davis blamed Winkleman. Winkleman blamed Budnic." (*Davis*, *supra*, B113832, at pp. 2-3.) "To Winkleman's jury, the prosecutor argued in favor of a conviction if the jury found Winkleman was the actual killer or if it found he aided and abetted the killer, with the emphasis on the latter rather than the former. To Davis's jury, the prosecutor emphasized Davis's confession but also argued that Davis could be convicted on an aiding and abetting theory." (*Id.* at p. 3, fn. 1.)

The opinion in the direct appeal also states Davis and Winkleman "were convicted of felony murder with robbery special circumstance findings and gun use enhancements found true. In addition, Winkleman was convicted of attempted armed robbery, Davis of robbery. Both men were sentenced to state prison for life without the possibility of parole. Both appeal[ed]." (*Davis*, *supra*, B113832, at p. 2.)[4] We affirmed the judgments.

In 2018, the Legislature enacted Senate Bill No. 1437 "to amend the felony murder rule and the natural and probable

---

[4] In connection with his petition for resentencing under former section 1170.95, Davis submitted documents indicating that in August 2018, the Governor commuted his sentence to 25 years to life.

consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Sen. Bill No. 1437 (2017-2018 Reg. Sess.) Stats. 2018, ch. 1015, § 1(f), p. 6674; §§ 188, subd. (a)(3) & 189, subd. (e).) Senate Bill No. 1437 amended sections 188 (defining malice) and 189 (felony murder) and added former section 1170.95, now renumbered section 1172.6, which established a procedure for vacating murder convictions and resentencing defendants who could no longer be convicted of murder in light of the amendments to sections 188 and 189 made effective January 1, 2019. (Stats. 2018, ch. 1015, § 4, pp. 6675–6677.)

## II.     Petition for Writ of Habeas Corpus

On February 15, 2019, Davis, as a self-represented litigant, filed a petition for writ of habeas corpus in the trial court, arguing the true finding on the felony-murder special circumstance must be reversed under *Banks*, *supra*, 61 Cal.4th 788 and *Clark*, *supra*, 63 Cal.4th 522 because "the evidence does not prove that he was a major participant in the shooting *itself*, and does not prove that he acted with reckless indifference to human life." In the petition for writ of habeas corpus, Davis also referenced the enactment of Senate Bill No. 1437.

After the district attorney filed an informal response and Davis filed a reply, the trial court summarily denied the petition for writ of habeas corpus. In an eight-page written order, after discussing *Banks* and *Clark*, the trial court found: "The facts of the case clearly support the conclusion that [Davis] was a major

5

participant in the murder with reckless indifference to human life."

### III.   Petition for Resentencing Under Former Section 1170.95

On April 7, 2020, Davis, representing himself, filed a petition for resentencing under former section 1170.95. Therein, he referenced the facts set forth in this court's opinion from his direct appeal, as quoted above. He also asserted: "The particulars of the *Banks* and *Clark* findings are at the heart of petitioner's claim that the special circumstances true finding in this case cannot withstand constitutional scrutiny."

Davis's petition for resentencing included all information necessary for a facially sufficient petition under former section 1170.95, subdivision (b) (and current section 1172.6, subd. (b)). He attached a declaration stating he was convicted of first degree felony murder, and he could not now be convicted of murder because of changes to sections 188 and 189 made effective January 1, 2019. He requested appointment of counsel in connection with his petition.

On April 25, 2020, the trial court summarily denied Davis's petition for resentencing, without appointing counsel for him. In its two-page ruling, the court stated, in pertinent part:

"His petition is denied for the same reasons his writ of February 15, 2020 was denied. The facts of the case support the conclusion that [he] was a major participant in the murder. Substantial evidence supports the special circumstance allegation because petitioner was a major participant in the murder exhibiting a reckless indifference to life. Petitioner was at the scene of the murder and in a position to prevent violence, but instead he participated in the robbery and fled the scene of the

6

crime without a single attempt to render aid to the victim.  His actions before, during and after the killing were those of a murderer who was clearly invested in the killing.  His role in assisting the shooter in the planning and execution of the robbery and murder played a significant role in the victim's death.  He admitted to running behind the vehicle in which the victim was seated, firing several rounds at the victim's vehicle."

## IV.    Appeal

Davis appealed from the order denying his petition for resentencing under former section 1170.95.  After the parties filed their appellate briefs, our Supreme Court issued its opinion in *People v. Lewis* (2021) 11 Cal.5th 952, 960-970 (*Lewis*), holding the trial court must appoint counsel to represent the petitioner in all cases where the petition is facially sufficient.  The Attorney General conceded, and we agreed, that the trial court erred in failing to appoint counsel for Davis, as he had filed a facially sufficient petition.

We concluded the error was harmless under the standard set forth in *People v. Watson* (1956) 46 Cal.2d 818, which, in the context of a petition for resentencing under former section 1170.95 (and current section 1172.6), specifies that a defendant " 'whose petition is denied before an order to show cause issues has the burden of showing "it is reasonably probable that if [he or she] had been afforded assistance of counsel his [or her] petition would not have been summarily denied without an evidentiary hearing." ' " (*Lewis*, *supra*, 11 Cal.5th at p. 974.)  We reasoned Davis could not meet this burden because, in order to find the felony-murder special circumstance true under section 190.2, subdivision (a)(17), the jury must have found Davis either was the actual killer, that he was not the actual killer but acted with

7

the intent to kill in aiding, abetting, soliciting, or assisting in the murder, or, at a minimum, he was a major participant in the felony and acted with reckless indifference to human life.[5] We noted this is the same finding required today for a conviction of felony murder under amended section 189. (See § 189, subd. (e).) Therefore, we concluded Davis was ineligible for resentencing as a matter of law because he was precluded from showing he "could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective" in Senate Bill No. 1437. (Former § 1170.95, subd. (a)(3); see also § 1172.6, subd. (a)(3).)

Davis filed a petition for review and the Supreme Court granted it. Thereafter, the Supreme Court decided *Strong*, *supra*, 13 Cal.5th 698 and transferred Davis's case back to this court with directions to vacate our opinion and reconsider the matter in light of *Strong*. We vacated our prior opinion affirming the trial court's order denying Davis's petition for resentencing.

## DISCUSSION

Davis contends, and the Attorney General concedes, that in light of *Strong*, the trial court erred in summarily denying Davis's petition for resentencing, the error cannot be deemed harmless, and the matter must be remanded to the trial court for further proceedings under section 1172.6. We agree with the parties.

---

[5] The 1995 murder in this case postdated approval of Proposition 115, which amended section 190.2 to allow for felony-murder special circumstance findings where the defendant was a major participant in the felony and acted with reckless indifference to human life. (See Prop. 115, § 10, as approved by voters, Primary Elec. (June 5, 1990).)

8

When a defendant files a facially sufficient petition under section 1172.6, the trial court must appoint counsel to represent the petitioner, allow briefing from both sides, and hold a hearing to determine whether the petitioner has made a prima facie showing for relief. (§ 1172.6, subds. (b)-(c).)[6]  As our Supreme Court explained:  "While the trial court may look at the record of conviction after the appointment of counsel to determine whether a petitioner has made a prima facie case for section [1172.6] relief, the prima facie inquiry under subdivision (c) is limited. Like the analogous prima facie inquiry in habeas corpus proceedings, ' "the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved.  If so, the court must issue an order to show cause." '  [Citations.]  '[A] court should not reject the petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing.'  [Citations.]  'However, if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' "  (*Lewis*, *supra*, 11 Cal.5th at p. 971.)

If the trial court issues an order to show cause, the final step in the process (unless the parties have already stipulated that the petitioner is entitled to relief) is a hearing to determine

---

[6] We note that at the time Davis filed his petition in April 2020, former section 1170.95, subdivision (c) did not require a hearing at the prima facie stage of the proceedings.  We cite to and quote from the current version of 1172.6.  Any amendments to the statute since Davis filed his petition are not material to Davis's contentions on appeal or our analysis of same.

9

if the petitioner is entitled to relief, where the trial court must vacate the petitioner's murder conviction and resentence him or her on any remaining counts unless the prosecution can "prove, beyond a reasonable doubt, that the petitioner is guilty of murder . . . under California law as amended by the changes to Section 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (d)(3).)

In *Strong*, the Supreme Court held felony-murder special circumstance findings made before the Supreme Court's decisions in *Banks* and *Clark*—like the felony-murder special circumstance finding against Davis—do not preclude a defendant from making a prima facie showing of eligibility for relief under section 1172.6. (*Strong*, *supra*, 13 Cal.5th at p. 703.)  A court, in evaluating whether a defendant has made a prima facie case, may not "independently examine[] the record and determine[], applying the *Banks* and *Clark* standards, that sufficient evidence supports the earlier findings." (*Id.* at pp. 719, 720.)

Here, the trial court erred in failing to appoint counsel for Davis after he filed a facially sufficient petition for resentencing. (*Lewis*, *supra*, 11 Cal.5th at pp. 960-970.)  The error was prejudicial because Davis made a prima facie case for relief:  He alleged that he was convicted of felony murder, and he could not presently be convicted of murder because of changes to Section 188 or 189 made effective January 1, 2019.  (See § 1172.6, subd. (a).)  As our Supreme Court explained in *Strong*, "A pre-*Banks* and *Clark* [felony-murder] special circumstance finding does not negate that [prima facie] showing because the finding alone does not establish that the petitioner is in a class of defendants who would still be viewed as liable for murder under the current understanding of the major participant and reckless indifference

10

requirements." (*Strong, supra,* 13 Cal.5th at p. 717.)  Because Davis has made a prima facie case for relief, the trial court must issue an order to show cause and conduct further proceedings on Davis's petition under section 1172.6.  We express no opinion on the outcome of those proceedings.

The earlier denial of Davis's petition for writ of habeas corpus is not a bar to resentencing relief under section 1172.6. The "summary denial of a habeas corpus petition does not establish law of the case and does not have a res judicata effect in future proceedings." (*Gomez v. Superior Court* (2012) 54 Cal.4th 293, 305, fn. 6.)

## DISPOSITION

The trial court's order denying the petition for resentencing is reversed.  On remand, the trial court shall appoint counsel to represent Davis, issue an order to show cause under section 1172.6, subdivision (c), and conduct further proceedings as specified in section 1172.6.

NOT TO BE PUBLISHED

CHANEY, J.

We concur:

ROTHSCHILD, P. J.                    BENDIX, J.

11